UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JOSEPH ORTIZ, | ) |
| Plaintiff, | ) Case No. 16-cv-50054 |
| vs. | ) Judge Philip G. Reinhard |
| | ) Magistrate Iain D. Johnston |
| SYNCREON NORTH AMERICA, INC. | ) |
| Defendant. | ) |

### **DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendant syncreon North America, Inc. ("syncreon"), by and through its attorneys, Sean C. Herring and Brenna R. McLean of Jackson Lewis P.C., respectfully submits this motion to enforce a settlement agreement reached between the syncreon and Plaintiff Joseph Ortiz.

### **Relevant Facts**

1. The parties have settled this litigation. However, after the parties agreed upon the settlement terms, Plaintiff attempts to rescind that agreement. It would appear that Plaintiff simply does not believe that the settlement agreement is binding upon him. The Seventh Circuit would disagree.

2. In November 2018, counsel for Plaintiff and counsel for syncreon began engaging in settlement discussions. Those negotiations culminated on February 11, 2019 when, via email, counsel for Plaintiff made Plaintiff's last offer and counsel for syncreon accepted Plaintiff's offer to settle this litigation. (*See* February 11, 2019 email from Sean Herring to Timothy Coffey attached as Exhibit A.)[1] The next day, the parties appeared telephonically for a status hearing

---

[1] Due to the confidential nature of the communications attached to this motion in support thereof, syncreon's counsel will bring all of the supporting exhibits attached to the hearing set for May 9, 2019 for an in-camera review by the Court.

and reported to the Court that an agreement had been reached, which was reflected in the Court's Minute Order. (See Docket No. 123.)

3.  On February 22, 2019, Plaintiff's counsel sent the proposed payment allocations to syncreon's counsel to be added to the written agreement. On March 6, 2019, syncreon's counsel sent Plaintiff's counsel a draft settlement agreement encompassing all material terms to which the parties agreed. (*See* March 6, 2019 email from syncreon's counsel to Plaintiff's counsel attached as Exhibit B.) On March 12, 2019, Plaintiff's counsel sent syncreon's counsel proposed minor immaterial changes to the written agreement. (*See* March 12, 2019 email from Plaintiff's counsel to syncreon's counsel attached as Exhibit B.) No material terms of the written agreement were disputed.

4.  On April 2, 2019, after accepting the minor changes to the parties' settlement agreement, syncreon's counsel sent a redline version showing the minor changes and a clean copy of the final written settlement agreement (the "Settlement Agreement") to Plaintiff's counsel. (*See* April 2, 2019, email from Sean Herring to Timothy Coffey, with attachments, attached as Exhibit C.) In that email, counsel for syncreon concluded with the following sentence: "Can you have Mr. Ortiz execute the clean version and return to me ASAP?" *Id.*

5.  On April 23, 2019, counsel for Plaintiff told syncreon's counsel that he still does not have a signed agreement from Plaintiff. He indicated that although he had full authority from Plaintiff to enter into the settlement agreement and to be bound by its terms, Plaintiff has not signed the agreement. Plaintiff's counsel further stated that from his perspective the agreement is legally binding.

**Argument**

6.  "When federal law governs the substantive rights of the parties and provides the bases on which the parties were able to bring the matter into federal court . . . enforceability of

2

the [settlement] agreement must be decided as a matter of federal law." *United States v. Orr Construction Co.*, 560 F.2d 765, 769 (7th Cir. 1977). Under federal law, even oral settlement agreements are enforceable. *Taylor v. Gordon Flesch Co.*, 793 F.2d 858, 862 (7th Cir. 1986). In *Taylor*, the plaintiff in a Title VII action, with advice of counsel, accepted the general terms of defendant's settlement offer. *Id.* at 860. The plaintiff sent a draft settlement agreement to the defendant, after which the defendant returned a modified draft, which "contained a variety of stylistic changes, but was nonetheless, in all material respects, identical to [plaintiff's] draft." *Id.* at 861. Plaintiff refused to sign the settlement agreement. *Id.* The plaintiff then hired a new attorney, who told counsel for the defendants that the plaintiff would not enter into the settlement agreement. *Id.* The Seventh Circuit rejected the plaintiff's attempt to retract his agreement, holding:

> Though [plaintiff's] judgment as to the value of his claims may have been mistaken, his willingness to settle the claims was not. And, a party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement is insufficient.

*Id.* at 863, citing *Glass v. Rock Island Refining Corp.*, 788 F.2d 450 (7th Cir. 1986). The court rejected the plaintiff's argument that "because the written drafts of the verbal agreement which were exchanged between the attorneys differed, no final agreement was reached." *Id.* at 862. The court held:

> The respective drafts prepared by [plaintiff] and [defendant] are very similar. The similarity evidences the intent of both parties that the settlement documents memorialize the agreement the parties had already reached.

*Id.*

7. Like the parties in *Taylor*, Plaintiff and syncreon have agreed upon all material terms of the Settlement Agreement. In fact, not one single term remained uncertain. Indeed, Plaintiff's own counsel agrees with Defendant that Plaintiff is legally bound by the terms of the

3

Settlement Agreement. Therefore, like the plaintiff in *Taylor*, Plaintiff should not be permitted to retract the Settlement Agreement.

8. Plaintiff, having agreed to all material terms of the Settlement Agreement, should be required to abide by its terms. Plaintiff should be held to the promises he made as part of that agreement, including his promise to dismiss this action with prejudice and provide a full release of claims in exchange for consideration provided in the agreement.

WHEREFORE, syncreon respectfully requests that the Court declare the Settlement Agreement enforceable and binding against Plaintiff, and for such further relief as the Court finds just and equitable.

Dated: May 7, 2019                          Respectfully Submitted,

**SYNCREON NORTH AMERICA, INC.**

By:   /s/ Sean C. Herring
      One of its Attorneys

Sean C. Herring
Brenna R. McLean
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 747-4949
Facsimile: (312) 787-4995
Sean.Herring@jacksonlewis.com
Brenna.McLean@jacksonlewis.com

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2019, a true and correct copy of the attached **Defendant's Motion to Enforce Settlement Agreement** was electronically filed according to the Court's CM/ECF protocols, which will cause it to be electronically served on all parties of record.

/s/ Sean C. Herring